UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALFREDO MEJIA,

               Petitioner,

          -against-

UNITED STATES OF AMERICA,

               Respondent.
------------------------------------------------------------x

**TRANSFER ORDER**
13 CV 3368 (PKC)

CHEN, United States District Judge:

      Petitioner, presently incarcerated at Reeves County Detention Center III, located in Pecos, Texas, files the instant *pro se* petition pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence. A petition brought pursuant to 28 U.S.C. § 2241 must be filed in the United States district court where the petitioner is incarcerated. See 28 U.S.C. §§ 2241(a) (providing federal courts with power to grant a writ of habeas corpus only "within their respective jurisdictions."). This requirement is jurisdictional. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); Ezeigwe v. Holder, No. 12–CV–2200, 2012 WL 1965403, at *2 (E.D.N.Y. May. 29, 2012). Here, the Court lacks jurisdiction to adjudicate petitioner's claims as petitioner is presently confined in the Western District of Texas.

### Conclusion

      Accordingly, the Clerk of Court is directed to transfer this case to the United States District Court for the Western District of Texas for further proceedings. 28 U.S.C. § 1406(a). A ruling on petitioner's application to proceed *in forma pauperis* ("IFP") is reserved for the

1

transferee Court. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven day delay is waived.

    SO ORDERED.

s/PKC

_____
PAMELA K. CHEN
United States District Judge

Dated: June 19, 2013
      Brooklyn, New York